UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODIS BROWN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-1319-TCM |
| | ) |
| ST. LOUIS COUNTY CIVIL SERVICE | ) |
| COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Theodis Brown, Sr., for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary, declaratory and injunctive relief in this 42 U.S.C. § 2000e (Title VII) action against defendant St. Louis County Civil Service Commission. Plaintiff claims that he was discriminated against in hiring and promotion on the basis of his race.

**Discussion**

Title VII imposes liability on an employer who engages in discriminatory practices because of an individual's race, color, religion, sex, or national origin. A plaintiff is required to exhaust certain administrative remedies before commencing a Title VII action in federal court. Filing a charge with the Equal Employment Opportunity Commission and obtaining a Right-to-Sue letter is one such prerequisite. *See* 42 U.S.C. § 2000e-5(F)(1). In his complaint, plaintiff states that, on August 22, 2005, he filed charges against defendant with the Equal Employment Opportunity Commission. He states that the matter is "pending." Under these circumstances, it cannot be said that plaintiff has exhausted his administrative remedies, and thus, the complaint will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff has failed to exhaust his administrative remedies, and, thus, the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 31st day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**