UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODIS BROWN, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-1319-TCM |
| | ) |
| ST. LOUIS COUNTY CIVIL SERVICE COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND MEMORANDUM

Before the Court is plaintiff's motion for reconsideration of the Court's Order of August 31, 2005. The Court dismissed plaintiff's cause of action because plaintiff had failed to exhaust administrative remedies. Specifically, he had not obtained a Right-to-Sue letter from the Equal Employment Opportunity Commission ("EEOC"), which is a prerequisite to commencing a Title VII action in federal court. Plaintiff now appends to his motion for reconsideration a Right-to-Sue letter issued in this matter on September 8, 2005, by the EEOC.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir.1987). Moreover, a motion to reconsider may not be used to raise arguments which could have been raised prior to the Court's dismissal of the action. *See Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986).

The Court finds that justice is best served and the Court's resources best preserved,

1

in this instance, by granting plaintiff's motion to reconsider. Adopting the alternative approach would mean that plaintiff must refile his case, which serves neither goal. Accordingly, the Court will grant plaintiff's motion for reconsideration and will consider plaintiff's complaint afresh.

Plaintiff's complaint is conceptually unclear and physically difficult to decipher. He used a Title VII form as his template and typed in various allegations, which are brought under Title VII, the Ku Klux Klan Act, the Age Discrimination in Employment Act and the "EPA." Plaintiff complains that, because of his race, gender and national origin, defendant did not employ or promote him as a building inspector and retaliated against him. Beyond that statement, plaintiff's complaint is deficient as to what role defendant played in his claim and the basis or nature of his claim.

Plaintiff identifies other individuals in his complaint such as "earle public works director" and ex-fire chief Charlie Miller, who may or may not be defendants. Moreover, it is possible that this action cannot be based on Title VII because it is unclear whether defendant St. Louis Civil Service Commission - or any of the individuals named in the complaint - is an employer or potential employer of plaintiff.

The Court finds that plaintiff has failed to follow FED. R. CIV. P. 8(a), which requires a complaint to contain a "short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, rather than dismiss plaintiff's complaint, the Court will grant plaintiff thirty (30) days in which to file an amended complaint which complies with Rule 8(a), as set forth below.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. 7] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order of Dismissal [Doc. 3] and Order and Memorandum [Doc. 4] be **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff shall be granted thirty (30) days from the date of this Order in which to file an amended complaint. In the amended complaint, plaintiff shall complete in its entirety the court-provided form for filing a complaint under Title VII of the Civil Rights Act of 1964. Specifically, in the "Caption" on page 1 of the form complaint, where plaintiff is instructed to enter on the blank lines the full names of all defendants in this action, plaintiff must write the name of each and every defendant he wishes to sue; and, in the "Statement of Claim," he shall set forth as to each defendant who is named in the "Caption" the specific factual allegations supporting his claim against the particular defendant, as well as the specific type of discrimination each defendant is alleged to have committed. If plaintiff needs additional space to list the names of all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the amended complaint and clearly identify them as part of his "Caption" or "Statement of Claim."

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form "Complaint under Title VII of the Civil Rights Act of 1964."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of an amended complaint, the Clerk shall

resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 15th day of September, 2005.

_____
**UNITED STATES DISTRICT JUDGE**