# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THEODIS BROWN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1319-TCM |
| ) | |
| ST. LOUIS COUNTY CIVIL SERVICE ) | |
| COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the filing of an amended complaint by plaintiff, Theodis Brown, Sr., in compliance with the Court's Order of September 15, 2005. On August 31, 2005, the Court granted plaintiff's motion for leave to proceed in forma pauperis. However, the Court dismissed the action because plaintiff had not exhausted his administrative remedies. Specifically, plaintiff had not received a Right-to-Sue letter from the Equal Employment Opportunity Commission. On September 12, 2005, plaintiff moved for reconsideration of the Court's Order of August 31, 2005, because he had received the requisite Right-to-Sue letter. The Court found that, in the interests of justice and the preservation of Court resources, plaintiff's motion for reconsideration should be granted. The Court allowed plaintiff to file an amended complaint, which is now before the Court. For the sake of clarity, the Court will again set forth the standard under which it considers complaints brought in forma pauperis.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary, declaratory and injunctive relief in this 42 U.S.C. § 2000e (Title VII) action against defendant St. Louis County Civil Service Commission. Plaintiff claims that he was discriminated against in hiring and promotion on the basis of his race and sex.

**Discussion**

Title VII imposes liability on an employer who engages in discriminatory practices because of an individual's race, color, religion, sex, or national origin. Plaintiff alleges that he had more code enforcement training, more inspection training and better test scores than individuals who

2

were hired and promoted but that he was not hired and was not promoted from an unpaid to a paid position because of his race and sex. Weighing all factual allegations in plaintiff's favor, the Court cannot say beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley*, 355 U.S. at 45-46. Accordingly, the Court finds that this matter survives review under 28 U.S.C. 1915(e)(2)(B) as to plaintiff's claims of race and sex discrimination and will direct that process issue as to the named defendant.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant St. Louis County Civil Service Commission.

Dated this 1st day of November, 2005.

**/s/ Thomas C. Mummert, III**
**UNITED STATES MAGISTRATE JUDGE**